UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

        Petitioner,               Case No. 1:14-cv-895

v.                                    Honorable Robert Holmes Bell

BERRIEN COUNTY TRIAL COURT,

        Respondent.
_____/

**OPINION**

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice as premature.

**Discussion**

I.  Factual allegations

Petitioner presently is incarcerated at the Berrien County Jail, pending trial on charges of possession with intent to deliver a controlled substance, and assault, resistance or obstruction of a police officer. He has filed motions in the trial court seeking to remove appointed counsel, to suppress evidence, and to authorize FBI analysis to determine whether a video was altered. He has not yet been convicted of any offense.

In his petition, he raises three bases for habeas relief: (1) his court-appointed attorney is working against him and not providing effective assistance; (2) the trial court has shown bias against him by prematurely expressing an opinion on his suppression motion; and (3) he cannot wait for a state-court determination because his life is in danger at the Berrien County Jail. Plaintiff bases his final claim on the fact that several people from Berrien County have told him that people have been killed by the Berrien County Sheriff's Department in order to cover up wrongdoing.

II.  Exhaustion of State Court Remedies

Although Petitioner seeks relief under 28 U.S.C. § 2254, that section applies only to a petitioner who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Pretrial habeas petitions, such as this one, are proper only when brought under § 2241, which authorizes habeas corpus review of detentions. *See Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). However, except in extraordinary circumstances, federal courts do not review pretrial habeas petitions. *Id.* Such circumstances may include speedy-trial challenges and double-jeopardy challenges – rights that cannot be fully vindicated if postponed until after conviction and sentence.

*Id.* (citing *Abney v. United States*, 431 U.S. 651, 660 (1997), and *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 503 (1973).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state criminal prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. (*Id.* at 44.) The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, Petitioner expressly acknowledges that there is an ongoing state judicial proceeding; indeed, he expresses a clear intent to subvert that proceeding. Second, state criminal proceedings clearly involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Plaintiff from presenting his federal claims in the pending state court proceedings. If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Abstention is therefore appropriate in the absence of one of three exceptions to the *Younger* abstention doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

In the instant case, Petitioner alleges none of the three exceptions to *Younger* abstention. First, he alleges no facts suggesting that the state proceeding is motivated by an improper purpose. Nor does he challenge the constitutionality of a state statute.

Finally, Petitioner does not allege facts suggesting the existence of a pressing need for immediate federal relief. Petitioner's motion challenging the effectiveness of appointed counsel, his motion to suppress evidence, and his claim of judicial bias all are fully capable of resolution in the state courts. His allegation that county officials will hurt him is wholly conclusory and based on unsupported, anecdotal reports from other prisoners, to the effect that some former prisoner has been injured or killed by a county official out of malice. None of Plaintiff's allegations warrant an exception to the *Younger* abstention doctrine.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition without prejudice as premature.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground that it was premature. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds,

a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground that it was premature. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

       A Judgment consistent with this Opinion will be entered.


Dated: <u>September 3, 2014</u>                                 /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                     UNITED STATES DISTRICT JUDGE